**UNITED STATES of America**

v.

**Bradford S. COUNCILMAN**

**No. 01–CR–10245–MAP.**

United States District Court,
D. Massachusetts.

Feb. 12, 2003.

Jeanne M. Kempthorne, United States Attorney's Office, John Joseph Moakley Federal, Boston, MA, for U.S. Attorneys.

Andrew Good, Silverglate & Good, Boston, MA, for Bradford C. Councilman, Defendant.

MEMORANDUM AND ORDER ON RECONSIDERATION OF DEFENDANT'S MOTION TO DISMISS COUNT ONE (Docket No. 26)

PONSOR, District Judge.

The Government charges the defendant, in Count One of this two-count indictment,

with conspiracy to violate 18 U.S.C. § 2511(1)(a), (c), (d), and (3)(a) (the "Wiretap Act"). In essence, the Government says that the defendant "intercepted" certain electronic communications traveling through his electronic mail service and attempted to use them improperly for commercial gain.

Based upon a stipulation with the Government, the defendant moved to dismiss Count One on the ground that the alleged criminal conduct involved, at most, improper acquisition of electronic communications that were "in storage" at the time within the defendant's company's computer system. According to the defendant, the Wiretap Act does not cover communications maintained in electronic storage of this sort.

Following argument on July 10, 2002, this court denied the defendant's Motion to Dismiss, setting forth its reasons orally, and set a schedule for hearing on motions *in limine* and for trial. In reviewing the motions *in limine,* the court encountered a recent decision of the Ninth Circuit, *Konop v. Hawaiian Airlines, Inc.,* 302 F.3d 868 (9th Cir.2002), issued after the submission of briefs on the Motion to Dismiss. Having read *Konop,* the court had doubts about the correctness of its ruling denying the defendant's Motion to Dismiss.

Based on this, the court ordered a continuance of the trial and established a schedule for supplemental briefs, setting forth its concerns in some detail in a memorandum of December 2, 2002. The final supplemental submission regarding reconsideration of the Motion to Dismiss was filed on January 14, 2003.

A review of these submissions, along with a close reading of the 9th Circuit's *Konop* decision, makes it clear that the court's denial of the defendant's Motion to

Dismiss was incorrect. The considerations supporting this turnabout were largely presaged by the court's December 2 memorandum and are restated below.

The take-off point for the court's reasoning is the statutory definition of key terms. At the time defendant was indicted, the definitions of "wire communication" and "electronic communication" contained an important distinction.[1] The term "wire communication" was defined to include stored communications, while the term "electronic communication" was not. Because of this, the Court of Appeals in *Steve Jackson Games, Inc. v. United States Secret Service,* 36 F.3d 457 (5th Cir.1994), held that "Congress did not intend for 'intercept' to apply to 'electronic communications' when those communications are in 'electronic storage.' " *Id.,* at 461–462.

Electronic communications "in storage" are covered by the Stored Communications Act, 18 U.S.C. § 2701; persons who obtain improper access to stored communications are subject to criminal penalties. The defendant in this case, however, could not be prosecuted under that statute, because he is exempted pursuant to 18 U.S.C. § 2701(c)(1) as a "person or entity providing a wire or electronic communications service." As noted above, the defendant operates an electronic mail service.

The definition of "electronic storage" is extraordinarily—indeed, almost breathtakingly—broad. *See* 18 U.S.C. § 2510(17). It covers "*any* temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof," as well as "*any* storage of such communication by an electronic communication service for purposes of backup protection of such communication." (Emphasis supplied).

Given this definition, there can be no serious question that the communications

---

1. The distinction was eliminated in October 2001, but applies to this case.

underlying the indictment in this case were "in storage" at the time the defendant is alleged to have intercepted them. As the stipulation entered into by defendant and the Government indicates, they were "in the random access memory (RAM) or in the hard disks, or both, within Interloc's computer system" at the time of the supposed interception. Stipulation at ¶ 5.

The majority opinion in *Konop* took a strict view of the phrase "in storage" and found that no violation of the Wiretap Act occurs when an electronic communication is accessed during storage, even if the interception takes place during a nanosecond "juncture" of storage along the path of transmission. 302 F.3d at 878 n. 6. If the majority opinion in *Konop* is correct, Count One of this indictment must be dismissed. The stipulation in this case makes it clear that the electronic communications that form the basis of Count I were (as *Konop* would say) "in storage," and therefore outside the reach of the Wiretap Act.

The Government, though apparently it supported the *Konop* decision when rendered, now argues that at least a portion of that decision should be ignored. The Government's position is that the Wiretap Act applies to interceptions that take place when the message (as the Government argues) is "in transit" or "in process of delivery." Under this logic, storage that is only "ephemeral"—meaning, only a momentary "hop" along the path from sender to receiver—cannot constitute "storage" for purposes of the analysis of the Wiretap Act. Of course, this position was explicitly rejected by the 9th Circuit in *Konop* in footnote six.

Equally significantly, the Government's argument here ignores the definition of "electronic storage" at § 2510(17), which covers "any temporary, intermediate storage." Moreover, many forms of "storage" could not be described as "ephemeral" and

may form part of the factual foundation the Government is attempting to assemble for its case here. Thus, as the defense points out, electronic communications may be stored for back-up in the event of a system crash, or may be stored in "dead letter" files when found to be undeliverable. Messages may be retrieved from routine backup even after they are delivered. Sorting out what forms of "storage" are covered by the statute may prove an evidentiary nightmare at trial and pose a challenge for proper jury instructions. Indeed, the problem at the heart of defendant's Motion to Dismiss is that technology has, to some extent, overtaken language. Traveling the Internet, electronic communications are often—perhaps constantly—both "in transit" and "in storage" simultaneously, a linguistic but not a technological paradox.

Under these circumstances, the majority opinion in *Konop* seems to take the fairest view. "Storage" means storage, in whatever form and for however long. This conclusion is not only supported by the definition contained within the statute, but complies with the rule of lenity applicable to criminal cases. Given this understanding of the term "storage," it is clear that the wire communications at issue in this case were not "intercepted" as charged in Count One, but were merely taken out of storage.

For the foregoing reasons, the defendant's Motion to Dismiss Count One, upon reconsideration, is hereby ALLOWED. The case will go forward on Count Two only. The clerk will set the case for an immediate status conference to discuss motions *in limine* and the amount of time needed for trial.

It is So Ordered.